## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

WEST FLAGLER ASSOCIATES, LTD.,
a Florida Limited Partnership d/b/a
MAGIC CITY CASINO, and
BONITA-FORT MYERS
CORPORATION, a Florida
Corporation d/b/a
BONITA SPRINGS POKER ROOM,
Plaintiffs,                                          Case 4:21-cv-00270-AW-MJF

v.

RONALD DION DESANTIS, in his
official capacity as Governor of the
State of Florida, and JULIE IMANUEL
BROWN, in her official capacity as Secretary
of the Florida Department of Business
and Professional Regulation,

Defendants.

---

## LIMITED INTERVENOR SEMINOLE TRIBE OF FLORIDA'S MOTION TO DISMISS FOR FAILURE TO JOIN AN INDISPENSABLE PARTY AND MEMORANDUM OF LAW

Limited Intervenor Seminole Tribe of Florida (the "Tribe"), pursuant to

Federal Rules of Civil Procedure 12(b)(7) and 19, hereby moves to dismiss Plaintiffs'

Complaint [DOC. 1] in the above-captioned matter with prejudice for failure to join an indispensable party.[1]

## I.    INTRODUCTION

Plaintiffs challenge the 2021 gaming compact ("2021 Compact") entered into between the Tribe and the State of Florida under the Indian Gaming Regulatory Act as "unauthorized or otherwise unlawful under Federal law pursuant to the Supremacy Clause of the United States Constitution."  Pls.' Compl. [DOC. 1] ¶ 1. As this Court held in *PPI v. Kempthorne*, the Tribe is a necessary and indispensable party to a suit challenging the legality of its gaming compact with the State.  No. 08-cv-248, 2008 WL 2705431, at *4 (N.D. Fla. July 8, 2008).  Because the Tribe cannot be joined due to its immunity, the case must be dismissed.  *Id*.

## II.    ARGUMENT

In *PPI v. Kempthorne*, P.P.I., Inc., a pari-mutuel company, sued the Secretary of the Interior and the Florida Governor for their approval of the gaming compact between the Tribe and the State.  No. 08-cv-248, 2008 WL 2705431 (N.D. Fla. July 8, 2008).  Like Plaintiffs in the present case, P.P.I. claimed that the gaming

---

[1] The Tribe has moved to intervene in this case for the sole and limited purpose of filing this motion to dismiss pursuant to Fed. R. Civ. P. 19 and has expressly reserved its immunity from suit. The only manner in which the Tribe may lawfully waive its immunity is by resolution duly enacted by the Tribal Council of the Seminole Tribe of Florida sitting in legal session.  *See* Seminole Tribe of Florida Ordinance C-01-95 as amended by Ordinance 84-01(Exhibits  A, B).  No such resolution has been adopted.

2

compact entered into by the Tribe and the State under the Indian Gaming Regulatory Act was invalid to the extent it authorized certain games that P.P.I. claimed were illegal under Florida law. *Id*. at *1.

This court held that the Seminole Tribe was an indispensable party to the lawsuit that could not be joined due to its immunity from suit. The court relied on the fact that "[t]he compact between the Seminole Tribe and the State of Florida is a contract," and that "[w]hen a lawsuit seeks to invalidate a contract, the general rule is that all parties to the contract must be joined." *Id*. at *3 (citations omitted). *PPI*'s holding in this regard is consistent with the longstanding rule that all parties to an agreement like a compact are not only "necessary" but also "indispensable " in actions in which claims are made regarding the validity of that agreement. "No procedural principle is more deeply imbedded in the common law than that, in an action to set aside a lease or a contract, all parties who may be affected by the determination of the action are indispensable." *Lomayaktewa v. Hathaway*, 520 F.2d 1324, 1325 (9th Cir. 1975), *cert. denied*, 425 U.S. 903 (1976) (emphasis added) (citing *Broussard v. Columbia Gulf Transmission Co.*, 398 F.2d 885 (5th Cir. 1968); *Keegan v. Humble Oil & Refining Co.*, 155 F.2d 971 (5th Cir. 1946); *Tucker v. Nat'l Linen Serv. Corp.*, 200 F.2d 858 (5th Cir. 1953)); *see also, e.g., Enter. Mgmt. Consultants, Inc. v. United States ex rel. Hodel*, 883 F.2d 890, 894 (10th Cir. 1989); *Jicarilla Apache Tribe v. Hodel*, 821 F.2d 537, 540 (10th Cir. 1987); *Fluent v.*

*Salamanca Indian Lease Auth.*, 928 F.2d 542, 547 (2nd Cir. 1991). "The general rule is that joint obligees (the parties to a contract whom an obligation is owed) are not only necessary, but indispensable." 7C Charles A. Wright, Arthur R. Miller, and Mary Kay Kane, Federal Practice and Procedure § 1613 (3d ed. 2007); *see also, e.g.*, *Harrell & Sumner Contracting Co., Inc. v. Peabody Peterson Co.*, 546 F.2d 1227, 1228-29 (5th Cir. 1977) ("The rule generally applied by federal courts is where two or more parties are joint obligees, they are indispensable parties in an action for enforcement of that obligation.")

The court held that the Tribe was a necessary party to the case under Rule 19(a) "because it has an interest in the compact and it is conducting gaming activities that PPI seeks to invalidate." *PPI*, 2008 WL 2705431, at *3. The court also noted that P.P.I could not join the Tribe due to its sovereign immunity, *id.* at *3, and that dismissal of the case would be appropriate if the Tribe were "indispensable." *Id*.

According to this court, a party is considered indispensable if the case cannot proceed "in equity and good conscience" without it. *Id*. at *4. In order to make that determination, the "Court should consider (1) prejudice to the absent party, (2) the extent the prejudice can be minimized by shaping the judgment to protect the absent party's interests, (3) whether the judgment will be adequate, and (4) the existence of alternate remedies for the plaintiff if the action is dismissed." *Id*. (citing Fed. R. Civ. P. 19(b)). The court found that the United States could not adequately represent the

interests of the Tribe, even if their interests in the validity of the Compact were somewhat aligned. As the court explained:

> Identity of interest, however, is not solely determinative in the Eleventh Circuit of whether a party is indispensable. *American Safety Cas. Ins. Co. v. Condor Associates, Ltd.*, 129 Fed. Appx. 540, 542 (11th Cir. Apr.11, 2005). The focus instead is on the prejudice that would be suffered by the Seminole Tribe by a judgment declaring the compact invalid. *Id.*; *Ranger Ins. Co. v. United Hous. of N.M., Inc.*, 488 F.2d 682, 683 (5th Cir.1974). As a practical matter, such a judgment would impair or impede the Seminole Tribe's ability to protect its independent interest in the compact, even if the judgment is not legally binding on the Tribe. *Doty v. St. Mary Parish Land Co.*, 598 F.2d 885, 887 (5th Cir.1979). There remains, moreover, the Seminole Tribe's interest "in its sovereign right not to have its legal duties judicially determined without consent." *Enterprise Mgmt. Consultants, Inc. v. United States ex rel, Hodel*, 883 F.2d 890, 894 (10th Cir.1989). This interest cannot be protected by the United States. *Id.*

*Id.* at * 4. The court concluded that "[u]nder the Rule 19(b) test, the Seminole Tribe is an indispensable party to this litigation." *Id.* Even though there was no alternate forum for P.P.I. to bring its case, in equity and good conscience, the case could not proceed without the Tribe, and as a result the court denied P.P.I.'s motion for a preliminary injunction. *Id.*

The present case must be dismissed for the same reasons. Plaintiffs in this case are pari-mutuel operators like P.P.I. seeking a declaratory judgment from this court that the 2021 Compact between the Tribe and the State is invalid. The Tribe has the same level of interest in the validity of 2021 Compact as it did in the 2007 Compact. The Tribe is projected to realize profits in the hundreds of millions of

*ACTIVE 59467899v2*

dollars from sports betting over the life of the 2021 Compact and those profits would be lost if the challenged provisions are invalidated.  As a result, the Tribe is a necessary party "because it has an interest in the compact and it is conducting gaming activities that [the Plaintiff] seeks to invalidate."  *PPI*, 2008 WL 2705431, at *3.

The Tribe cannot be joined here due to its sovereign immunity, which Plaintiffs already have recognized:

> Plaintiffs would have added the Tribe as a party defendant; however, Indian tribes generally enjoy sovereign immunity from unconsented suit. *See Michigan v. Bay Mills Indian Cmty.*, 572 U.S. 782, 788 (2014) ("Among the core aspects of sovereignty that tribes possess—subject, again, to congressional action—is the 'common-law immunity from suit traditionally enjoyed by sovereign powers.'").

Pls.' Compl. [DOC. 1] ¶ 166, n.18.  The Tribe is indispensable under the four factor Rule 19(b) test for the same reasons in *PPI v. Kempthorne*.

The first factor, prejudice to the parties, includes prejudice to the absent party. *Am. Greyhound Racing, Inc. v. Hull*, 305 F.3d 1015, 1024 (9th Cir. 2002); *Dewberry v. Kulongoski*, 406 F. Supp. 2d 1136, 1148 (D. Or. 2005).  Because the Tribe has a legally protected interest in the validity of the 2021 Compact, that interest will be irrevocably impaired if this case is adjudicated in the Tribe's absence.  *Am. Greyhound*, 305 F.3d at 1024-25; *Dewberry*, 406 F. Supp. 2d at 1148; *see also, e.g. Lac du Flambeau Band of Lake Superior Chippewa Indians v. Norton*, 327 F. Supp. 2d 995, 1001 (W.D. Wis. 2004) ("Any judgment touching on the validity of the

*ACTIVE 59467899v2*

[gaming] compact would be prejudicial to the Nation and to the state because of their strong interests as parties to the compact at issue.").

The second Rule 19(b) factor asks whether relief in this case can be tailored in such a way as to lessen the prejudice. It cannot. Plaintiffs' entire case is based on declaring a major portion of the 2021 Compact unlawful. A judgment in favor of Plaintiffs would "impair or impede the Seminole Tribe's ability to protect its independent interest in the compact, even if the judgment is not legally binding on the Tribe," and the Tribe retains the sovereign right not to have its legal duties determined without its consent. *PPI*, 2008 WL 2705431, at *4. In addition, any relief fashioned in this case "would not protect the tribe[] from other potential effects of the declaration that the gaming conducted by the tribe[] pursuant to  [its] compact[] is illegal." *Am. Greyhound*, 305 F.3d at 1025.

As to the third factor, because Plaintiffs' case seeks to invalidate the 2021 Compact, no adequate remedy may be fashioned in the Tribe's absence. The Tribe has a sovereign right not to have its rights adjudicated in its absence. *PPI*, 2008 WL 2705431, at *4.

Finally, although there is no adequate forum available to Plaintiffs to bring this case in the absence of a waiver of the Tribe's immunity, that factor does not outweigh the others. As courts have ruled time and again, "this result is a common consequence of sovereign immunity, and the tribes' interest in maintaining their

7

sovereign immunity outweighs the plaintiffs' interest in litigating their claims." *Dewberry*, 406 F. Supp. 2d at 1148 (quoting *Am. Greyhound*, 305 F.3d at 1025); *see also Pit River Home & Agric. Coop. Ass'n v. United States*, 30 F.3d 1088, 1102-03 (9th Cir. 1994). The courts have "regularly held that the tribal interest in immunity overcomes the lack of an alternative remedy or forum for the plaintiffs." *Am. Greyhound*, 305 F.3d at 1025; *see also, e.g.*, *Lac du Flambeau*, 327 F. Supp. 2d at 1001 (stating that "[t]he principle of sovereign immunity overrides plaintiffs' interests in suing") *Confederated Tribes of the Chehalis Reservation v. Lujan,* 928 F.2d 1496, 1500 (9th Cir. 1991) (same); *Fluent*, 928 F.2d at 547 (same); *Enter. Mgmt. Consultants*, 883 F.2d at 894 (same).

## III.   CONCLUSION

For the foregoing reasons, the Complaint must be dismissed.


## <u>CERTIFICATE OF CONFERENCE</u>

The undersigned has attempted unsuccessfully to communicate with opposing counsel and assumes that Plaintiffs do not consent to this motion.

| | |
|---|---|
| */S/ Joseph H. Webster* | */S/ Barry Richard* |
| **Joseph H. Webster** | **Barry Richard** |
| D.C. Bar No. 448458 | Florida Bar Number 0105599 |
| **Hobbs Straus Dean & Walker, LLP** | **Greenberg Traurig, P.A.** |
| 1899 L Street NW, Suite 1200 | 101 East College Avenue |
| Washington, DC 20037 | Tallahassee, FL 32301 |
| Telephone (202) 822-8282 | Telephone (850) 222-6891 |
| *jwebster@hobbsstraus.com* | Facsimile (850) 681-0207 |

8

*ACTIVE 59467899v2*

**Elliott Milhollin**
D.C. Bar No. 474322
**Hobbs Straus Dean & Walker, LLP**
1899 L Street NW, Suite 1200
Washington, DC 20037
Telephone (202) 822-8282
*emilhollin@hobbsstraus.com*

*richardb@gtlaw.com*
*greenel@gtlaw.com*
*flservice@gtlaw.com*

*Attorneys for Intervenor,*
*Seminole Tribe of Florida*

## <u>CERTIFICATE OF SERVICE</u>

This document was filed and served via the CM/ECF ePortal to the

following on August 31, 2021:


Raquel A. Rodriguez
Sheila Oretsky
Sandra Ramirez
BUCHANAN INGERSOLL & ROONEY PC
2 South Biscayne Blvd, Suite 1500
Miami, FL 33130
raquel.rodriguez@bipc.com
sheila.oretsky@bipc.com
sandra.ramirez@bipc.com

Hala Sandridge
401 E. Jackson Street, Suite 2400
Tampa, FL 33602
hala.sandridge@bipc.com

Sydney Rochelle Normil
501 Grant St, St 200
Pittsburgh, PA 15219
sydney.normil@bipc.com

*Attorneys for Plaintiffs West Flagler*
*Associates, Ltd. and Bonita Fort-Myers*
*Corporation*

9

*ACTIVE 59467899v2*

Raymond F. Treadwell
Chief Deputy General Counsel
EXECUTIVE OFFICE OF THE GOVERNOR
Office of General Counsel
The Capitol, PL-5
400 South Monroe Street
Tallahassee, FL 32399
Phone: (850) 717-9310
Facsimile: (850) 488-9810
Ray.Treadwell@eog.myflorida.com
Gov.Legal@eog.myflorida.com

David Axelman
General Counsel
FLORIDA DEPARTMENT OF BUSINESS AND PROFESSIONAL REGULATION
Office of General Counsel
2601 Blair Stone Road
Tallahassee, FL 32399
Phone: (850) 717-1241
David.Axelman@myfloridalicense.com


*Counsel for Defendants Ron
DeSantis, in his official capacity as
Governor of the State of Florida, and
Julie Brown, in her official capacity
as Secretary of the Florida
Department of Business and
Professional Regulation*

10

RE:   ORDINANCE OF THE SEMINOLE TRIBE OF FLORIDA RELATING TO ITS
      IMMUNITY FROM SUIT UNDER THE DOCTRINE OF TRIBAL SOVEREIGN
      IMMUNITY;   THE   APPLICABILITY   OF   SUCH   IMMUNITY   TO   TRIBAL
      OFFICIALS, EMPLOYEES AND AUTHORIZED TRIBAL AGENTS; EXCLUSIVE
      METHOD   FOR   TRIBAL   WAIVER   OF   SOVEREIGN   IMMUNITY   AND
      RENUNCIATION OF ALL PRIOR NON-CONFORMING ACTS PURPORTING TO
      WAIVE TRIBAL SOVEREIGN IMMUNITY AS TO THE SEMINOLE TRIBE OF
      FLORIDA AND ITS TRIBAL OFFICIALS, EMPLOYEES AND AUTHORIZED
      AGENTS

                                          SEMINOLE TRIBE OF FLORIDA
                                          HOLLYWOOD, FLORIDA

ORDINANCE No. C-01-95

WHEREAS,   the   SEMINOLE   TRIBE   OF   FLORIDA   --   whose   ancestorial
           heritage   and   tribal   history   substantially   predates
           Colonial America -- formally organized for the common
           welfare   of   its   tribal   members   in   accordance   with   the
           provisions of Section 16 of the *Indian Reorganization Act
           of 1934,* as embodied in 25 U.S.C. Section 476.  As such,
           the SEMINOLE TRIBE OF FLORIDA is a sovereign Indian tribe
           recognized and designated as an Indian tribe pursuant to
           the Act; and

WHEREAS,   the present members of the Seminole Tribe of Florida are
           descendants of a small number of Seminole Indians who --
           approximately   150   years   ago   --   stood   fast   to   their
           ancestorial land rather than be forcibly removed along
           what has come to be known as the "Trail of Tears" over
           which the tribal members of the five civilized tribes
           (Cherokee, Choctaw, Creek, Chickasaw and Seminole) were
           marched on foot from their ancestorial lands to an area
           call Indian territory which is now a part of the State of
           Oklahoma; and

WHEREAS,   At the time of its formal organization, the Seminole
           Tribe of Florida adopted a Constitution and a set of By-
           laws which were ratified by the tribal community and
           approved by the United States Secretary of the Interior,
           in full compliance with the *Indian Reorganization Act of
           1934.*  It is the Amended Constitution and By-laws of the
           Seminole Tribe of Florida which defines the right of the
           Seminole   Tribe   of   Florida   to   determine   its   destiny
           through self-government as a federally recognized Indian
           tribe.  One of the longstanding powers that the Seminole
           Tribe of Florida has always had and retained is its
           rights as a sovereign government to tribal sovereign
           immunity   for   itself,   its   subordinate   economic   and
           governmental units, its tribal officials, employees and
           authorized agents; and

# EXHIBIT A

RE:   ORDINANCE OF THE SEMINOLE TRIBE OF FLORIDA RELATING TO ITS
      IMMUNITY FROM SUIT UNDER THE DOCTRINE OF TRIBAL SOVEREIGN
      IMMUNITY;  THE  APPLICABILITY  OF  SUCH  IMMUNITY  TO  TRIBAL
      OFFICIALS, EMPLOYEES AND AUTHORIZED TRIBAL AGENTS; EXCLUSIVE
      METHOD   FOR   TRIBAL   WAIVER   OF   SOVEREIGN   IMMUNITY   AND
      RENUNCIATION OF ALL PRIOR NON-CONFORMING ACTS PURPORTING TO
      WAIVE TRIBAL SOVEREIGN IMMUNITY AS TO THE SEMINOLE TRIBE OF
      FLORIDA AND ITS TRIBAL OFFICIALS, EMPLOYEES AND AUTHORIZED
      AGENTS

(Ordinance No. C-01-95)

Page 2

WHEREAS,   as a sovereign Indian tribe, the Seminole Tribe of
           Florida is culturally, politically and economically
           distinct from non-tribal society which has, for many
           years, enjoyed distinct educational, economic and other
           opportunities which, until recently, were not practically
           available to Seminoles and other Indians; and

WHEREAS,   the economic security and general welfare of the Seminole
           Tribe of Florida and its members are largely dependent
           upon the careful protection of scarce tribal assets and
           resources; and

WHEREAS,   the Seminole Tribe of Florida, as an aspect of its
           sovereignty, is entitled to immunity from suit in all
           state and federal courts absent the clear, express and
           unequivocal consent of the Seminole Tribe of Florida or
           the clear, express and unequivocal consent of the United
           States Congress; and

WHEREAS,   the purpose of tribal sovereign immunity is to guard
           against the unwarranted exercise of state and federal
           jurisdiction over the Seminole Tribe of Florida, its
           subordinate economic and governmental units, tribal
           officials, employees and authorized agents and over
           tribal affairs which would impinge upon tribal self-
           government and economic development, including the
           protection of scarce tribal assets and resources which
           are held for the benefit of all tribal members and must
           be available at all times to be applied to meet tribal
           needs; and

WHEREAS,   the government of the Seminole Tribe of Florida
           constitutionally operates through the Tribal Council and
           can only function through the actions of tribal
           officials, employees and authorized agents of the
           Seminole Tribe of Florida who are likewise entitled to
           immunity from suit in all state and federal courts where
           such tribal officials, employees or authorized agents act
           on behalf of the Seminole Tribe of Florida in the course
           of their agency or are acting within that degree of

RE:   ORDINANCE OF THE SEMINOLE TRIBE OF FLORIDA RELATING TO ITS
      IMMUNITY FROM SUIT UNDER THE DOCTRINE OF TRIBAL SOVEREIGN
      IMMUNITY;  THE  APPLICABILITY  OF  SUCH  IMMUNITY  TO  TRIBAL
      OFFICIALS, EMPLOYEES AND AUTHORIZED TRIBAL AGENTS; EXCLUSIVE
      METHOD   FOR   TRIBAL   WAIVER   OF   SOVEREIGN   IMMUNITY   AND
      RENUNCIATION OF ALL PRIOR NON-CONFORMING ACTS PURPORTING TO
      WAIVE TRIBAL SOVEREIGN IMMUNITY AS TO THE SEMINOLE TRIBE OF
      FLORIDA AND ITS TRIBAL OFFICIALS, EMPLOYEES AND AUTHORIZED
      AGENTS

(Ordinance No. C-01-95)

Page 3

            authority which the Seminole Tribe of Florida is capable
            of bestowing upon such tribal official, employee, or
            agent as a matter of federal, constitutional, or tribal
            law; and

WHEREAS,    as  an  apparent  result  of  increased  prosperity,  the
            Seminole Tribe of Florida, its subordinate economic and
            governmental units as well as tribal officials, employees
            and authorized agents have been named, from time to time,
            as parties defendant in federal and state litigation
            thereby exposing the Seminole Tribe of Florida to
            unnecessary  costs  and  expenses  and  threatening  the
            economic resources and general welfare of the Seminole
            Tribe of Florida and its members; and

WHEREAS,    the Seminole Tribe of Florida desires to make clear to
            all persons having business or otherwise dealing with the
            Seminole Tribe of Florida, its subordinate economic and
            governmental units, its tribal officials, employees and
            authorized agents that the Seminole Tribe of Florida does
            not under any circumstances intend to voluntarily waive
            its entitlement to immunity from suit in state and
            federal courts under the doctrine of tribal sovereign
            immunity absent strict and complete compliance with the
            procedures set forth below which shall be the exclusive
            method  for  effecting  a  voluntary  tribal  waiver  of
            sovereign immunity; and

WHEREAS,    the Tribal Council has reviewed this Ordinance and it is
            otherwise fully advised.

NOW THEREFORE BE IT ORDAINED:  that the Seminole Tribe of Florida,
its subordinate economic and governmental units as well as its
tribal officials, employees and authorized agents are immune from
suit brought by any third-party in any state or federal court
absent the clear, express and unequivocal consent of the Seminole
Tribe of Florida or the clear, express and unequivocal consent of
the United States Congress.  This immunity shall apply whether the
Tribe or any subordinate economic or governmental unit is engaged
in a private enterprise or governmental function; and

RE:   ORDINANCE OF THE SEMINOLE TRIBE OF FLORIDA RELATING TO ITS
      IMMUNITY FROM SUIT UNDER THE DOCTRINE OF TRIBAL SOVEREIGN
      IMMUNITY; THE APPLICABILITY OF SUCH IMMUNITY TO TRIBAL
      OFFICIALS, EMPLOYEES AND AUTHORIZED TRIBAL AGENTS; EXCLUSIVE
      METHOD FOR TRIBAL WAIVER OF SOVEREIGN IMMUNITY AND
      RENUNCIATION OF ALL PRIOR NON-CONFORMING ACTS PURPORTING TO
      WAIVE TRIBAL SOVEREIGN IMMUNITY AS TO THE SEMINOLE TRIBE OF
      FLORIDA AND ITS TRIBAL OFFICIALS, EMPLOYEES AND AUTHORIZED
      AGENTS

(Ordinance No. C-01-95)

Page 4

BE IT FURTHER ORDAINED:  that all tribal officials, employees or
other authorized agents shall likewise be immune from suit brought
by any third-party in any state or federal court where such tribal
official, employee or other authorized agent is either acting on
behalf of the Seminole Tribe of Florida in the course of their
agency or where the acts of such tribal official, employee or other
agent, though mistaken, negligent or otherwise improper are within
that degree of authority which the Seminole Tribe of Florida is
capable of bestowing upon the agent as a matter of federal,
constitutional or tribal law; and

BE IT FURTHER ORDAINED:  that the consent of the Seminole Tribe of
Florida to waive its immunity from suit in any state or federal
court may only be accomplished through the clear, express and
unequivocal consent of the Seminole Tribe of Florida pursuant to a
resolution duly enacted by the Tribal Council of the Seminole Tribe
of Florida sitting in legal session.   Any such resolution
purporting to waive sovereign immunity as to the Seminole Tribe of
Florida, any of its subordinate economic or governmental units or
any of its tribal officials, employees or authorized agents shall
specifically acknowledge that the Seminole Tribe of Florida is
waiving its sovereign immunity or a limited basis and describe the
purpose and extent to which such waiver applies.   The failure of
the Tribal Council resolution to contain such language shall render
it ineffective to constitute a waiver of tribal sovereign immunity;
and

BE IT FURTHER ORDAINED:   that this Tribal Ordinance shall be
retroactive to January 1, 1990 and that all prior acts -- other
than a clear, express and unequivocal waiver of tribal sovereign
immunity pursuant to a resolution duly enacted by the Tribal
Council of the Seminole Tribe of Florida sitting in legal session
authorizing a waiver of tribal sovereign immunity shall and is
hereby declared to be null and void and is hereby renounced; and

BE IT FURTHER ORDAINED:   that any "sue and be sued" clause
contained in any charter, agreement or other document pertaining,
in any respect to any subordinate economic or governmental unit of
the Seminole Tribe of Florida is hereby declared to be void and
ineffectual as of the date of this Tribal Ordinance; and

RE:   ORDINANCE OF THE SEMINOLE TRIBE OF FLORIDA RELATING TO ITS
      IMMUNITY FROM SUIT UNDER THE DOCTRINE OF TRIBAL SOVEREIGN
      IMMUNITY;  THE  APPLICABILITY  OF  SUCH  IMMUNITY  TO  TRIBAL
      OFFICIALS, EMPLOYEES AND AUTHORIZED TRIBAL AGENTS; EXCLUSIVE
      METHOD   FOR   TRIBAL   WAIVER   OF   SOVEREIGN   IMMUNITY   AND
      RENUNCIATION OF ALL PRIOR NON-CONFORMING ACTS PURPORTING TO
      WAIVE TRIBAL SOVEREIGN IMMUNITY AS TO THE SEMINOLE TRIBE OF
      FLORIDA AND ITS TRIBAL OFFICIALS, EMPLOYEES AND AUTHORIZED
      AGENTS

(Ordinance No. C-01-95)

Page 5

BE IT FURTHER ORDAINED:   that any third-party who initiates or
maintains any regulatory, administrative or civil action in any
state  or  federal  court  or  before  any  tribunal  of  any  kind
whatsoever against the Seminole Tribe of Florida, any of its
subordinate economic or governmental units, or any of its tribal
officials, employees or authorized agents who were acting within
the course or scope of their agency or who were acting within that
degree of authority that the Tribal Council of the Seminole Tribe
of  Florida  is  capable  of  bestowing  upon  such  tribal  official,
employee or authorized agent as a matter of federal, constitutional
or tribal law, such third-party shall be liable for all taxable
costs and other expenses as well as attorney's fees incurred in
defending against such action; and

BE IT FURTHER ORDAINED:   that without waiving tribal sovereign
immunity or consenting to any suit in any respect, any action
brought  against  the  Seminole  Tribe  of  Florida,  any  of  its
subordinate economic or governmental units or any tribal official,
employee  or  other  agent  for  any  act  arising  out  of  any  act
committed within the course and scope of their agency or within
that degree of authority which the Seminole Tribe of Florida is
capable  of  bestowing  upon  such  tribal  official,  employee  or
authorized agent as a matter of federal, constitutional or tribal
law may only be venued in the United States District Court for the
Southern District of Florida or the Circuit Court of the 17th
Judicial Circuit in and for Broward County, Florida; and

RE:   ORDINANCE OF THE SEMINOLE TRIBE OF FLORIDA RELATING TO ITS
      IMMUNITY FROM SUIT UNDER THE DOCTRINE OF TRIBAL SOVEREIGN
      IMMUNITY;  THE APPLICABILITY OF SUCH IMMUNITY TO TRIBAL
      OFFICIALS, EMPLOYEES AND AUTHORIZED TRIBAL AGENTS; EXCLUSIVE
      METHOD   FOR   TRIBAL   WAIVER   OF   SOVEREIGN   IMMUNITY   AND
      RENUNCIATION OF ALL PRIOR NON-CONFORMING ACTS PURPORTING TO
      WAIVE TRIBAL SOVEREIGN IMMUNITY AS TO THE SEMINOLE TRIBE OF
      FLORIDA AND ITS TRIBAL OFFICIALS, EMPLOYEES AND AUTHORIZED
      AGENTS

(Ordinance No. C-01-95)

Page 6

BE IT FURTHER ORDAINED:  that this ordinance is hereby adopted
after motion made by Max B. Osceola, Jr. seconded by
Fred Smith and a roll call vote as follows:

      Chairman James E. Billie . . . . . . . . . . . . . Aye
      Vice-Chairman Fred Smith . . . . . . . . . . . . Aye
      Council Representative David R. Cypress. . . . . Aye
      Council Representative Jack Smith, Jr. . . . . . Aye
      Council Representative Max B. Osceola, Jr. . . . Aye

DONE THIS 16th DAY OF March, 1995, at the regular meeting of the
Tribal Council, duly convened at Hollywood, Florida, with a quorum
being present by a vote of 5 for, 0 against, with 0 abstentions.

                              Chairman
                              TRIBAL COUNCIL

                              DATE:  APR 19 1995

Secretary/Treasurer           APPROVED BY:
TRIBAL COUNCIL

                              Franklin Keel, Area Director
                              UNITED STATES DEPARTMENT OF THE
                              INTERIOR, BUREAU OF INDIAN AFFAIRS,
                              EASTERN AREA OFFICE

c:\wpdocs\resoluti\sov.imm

RE:     AMENDMENT TO ORDINANCE NO. C-01-95 OF THE SEMINOLE TRIBE OF
        FLORIDA RELATING TO ITS IMMUNITY FROM SUIT UNDER THE DOCTRINE OF
        TRIBAL SOVEREIGN IMMUNITY; THE APPLICABILITY OF SUCH IMMUNITY TO
        TRIBAL OFFICIALS,   EMPLOYEES, AND AUTHORIZED TRIBAL AGENTS;
        EXCLUSIVE METHOD FOR TRIBAL WAIVER OF TRIBAL SOVEREIGN IMMUNITY
        AND RENUNCIATION OF ALL PRIOR NON-CONFOMRING ACTS PURPORTING TO
        WAIVE TRIBAL SOVEREIGN IMMUNITY AS TO THE SEMINOLE TRIBE OF
        FLORIDA AND ITS TRIBAL OFFICIALS, EMPLOYEES AND AUTHORIZED AGENTS

                                                SEMINOLE TRIBE OF FLORIDA
                                                HOLLYWOOD, FLORIDA

RESOLUTION NO.:  C-84-01

WHEREAS,   the Seminole Tribe of Florida is an organized Indian Tribe as defined in Section 16
           of the Act of June 18, 1934, as amended; and

WHEREAS,   on or about March 16, 1995, the Tribal Council of the Seminole Tribe of Florida duly
           enacted Ordinance No. C-01-95 setting forth the specific manner and method in
           which the Tribal Council of the Seminole Tribe of Florida could waive its immunity
           and the immunity of any of its subordinate economic or governmental units or any
           Tribal official, employee or other agent for acts arising out of any act committed
           within the course and scope of their agency or authority; and

WHEREAS,   the Ordinance provided that any action brought against the Seminole Tribe of Florida,
           any its subordinate economic or governmental units or any Tribal official, employee
           or other agent for any act committed within the course and scope of their agency or
           authority could only be brought in the United States District Court for the Southern
           District of Florida or the Circuit Court of the 17th Judicial Circuit in and for Broward
           County, Florida; and

WHEREAS,   the Seminole Tribe of Florida has become increasingly involved in business ventures
           and transactions throughout the United States and the world and the limitation of
           venue provision contained in Ordinance No. C-01-95 has had a negative impact and
           effect on the same.

NOW THEREFORE BE IT RESOLVED: that the following provision from Ordinance No. C-01-95
shall be deemed deleted from the Ordinance and shall have no further effect:

BE IT FURTHER RESOLVED: that without waiving tribal sovereign immunity or consenting to
any suit in any respect, any action brought against the Seminole Tribe of Florida, any of its
subordinate economic or governmental units or any tribal official, employee or other agent for any
act arising out of any act committed within the course and scope of their agency within that degree

# EXHIBIT B

RE:   AMENDMENT TO ORDINANCE NO. C-01-95 OF THE SEMINOLE TRIBE OF
FLORIDA RELATING TO ITS IMMUNITY FROM SUIT UNDER THE DOCTRINE OF
TRIBAL SOVEREIGN IMMUNITY; THE APPLICABILITY OF SUCH IMMUNITY TO
TRIBAL OFFICIALS,   EMPLOYEES, AND AUTHORIZED TRIBAL AGENTS;
EXCLUSIVE METHOD FOR TRIBAL WAIVER OF TRIBAL SOVEREIGN IMMUNITY
AND RENUNCIATION OF ALL PRIOR NON-CONFOMRING ACTS PURPORTING TO
WAIVE TRIBAL SOVEREIGN IMMUNITY AS TO THE SEMINOLE TRIBE OF
FLORIDA AND ITS TRIBAL OFFICIALS, EMPLOYEES AND AUTHORIZED AGENTS

RESOLUTION NO.:  C-84-01

Page 2

of authority which the Seminole Tribe of Florida is capable of bestowing upon such tribal official,
employee or authorized agent as a matter of federal, constitutional or tribal law may only be venued
in the United States District Court for the Southern District of Florida or the Circuit Court of the 17th
Judicial Circuit in and for Broward County, Florida; and

BE IT FURTHER RESOLVED: that this resolution is hereby adopted after motion made by Max
B. Osceola, Jr. seconded by David R. Cypress and a roll call vote as follows:

Chairman James  E. Billie.............................................................AYE
Vice Chairman Mitchell Cypress...............................................AYE
Council Representative David R. Cypress..................................AYE
Council Representative Jack Smith, Jr.......................................AYE
Council Representative Max B. Osceola, Jr...............................AYE

DONE THIS 8th day of March, 2001, at the regular meeting of the Tribal Council, duly convened
a Hollywood, Florida, with a quorum being present by a vote of 5 for, 0 against, and 0 abstentions.

Acting Chairman
TRIBAL COUNCIL

DATE: 9/21/01

ATTEST:

Secretary/Treasurer
TRIBAL COUNCIL

APPROVED BY:
BUREAU OF INDIAN AFFAIRS

By:
As its: Area Director